## WHIPPLE v. UNITED STATES.

District Court, D. Massachusetts. April 16, 1928.

No. 3238.

1. **Internal revenue ⬤⟳7(19)—Damage to trees surrounding residence, caused by storm, held deductible loss in computing net income (Revenue Act 1921, § 214 (a), Comp. St. § 6336⅛g (a).**

Under Revenue Act 1921, § 214 (a), Comp. St. § 6336⅛g,(a) damage to trees on grounds surrounding residence, caused by an ice storm, *held,* to constitute a deductible loss in computing net income, without having been fixed by sale of property damaged.

2. **Evidence ⬤⟳571(10)—Loss from damage to trees surrounding residence held sufficiently proven for purpose of deduction in computing net income (Revenue Act 1921, § 214 (a); Comp. St. § 6336⅛g(a).**

Loss to the amount of $10,000 from damage to trees surrounding residence property, caused by ice storm, *held,* to have been sufficiently proven for purpose of deduction under Revenue Act, 1921, § 214 (a), Comp. St. § 6336⅛g(a), in computing net income.

At Law. Action by Sherman L. Whipple against the United States. Judgment for plaintiff.

Sherman L. Whipple, and Claude B. Cross, both of Boston, Mass., for plaintiff.

J. M. Leinenkugel, Sp. U. S. Atty., of Boston, Mass.

MORTON, District Judge. This case presents the question whether the plaintiff was entitled to a deduction from his income tax for 1921, because of damage to the trees in the grounds around his residence caused by the ice storm in November of that year. The Commissioner allowed only the expense of clearing up the débris.

The essential facts are not in controversy. The plaintiff has since 1897 owned a residence in Brookline, where he lived. It was built originally in the first part of the nineteenth century, and its grounds, comprising about 5½ acres, were planted with different kinds of trees, many of which were more than 60, and some of which apparently more than 100, years old at the time in question. These trees added much to the appearance and value of the place, giving it a certain quality lacking in unmatured grounds. They were greatly damaged by the ice storm; some of them were practically destroyed, and others so broken as to lose their beauty and distinction. A careful description of the damage has been given in these proceedings by a competent forester. A real estate expert and an architect having knowledge of

property values in this locality, both of whom impressed me as capable and honest witnesses, have testified that in their opinion the fair value of the place for purposes of sale was $10,000 less just after the storm than just before it, and that this was due solely to the effects of the storm. There is also testimony that the value was about the same in 1921 as in March, 1913.

The statute in question is the Revenue Act of 1921, § 214 (a), Comp. St. § 6336⅛g(a), which reads as follows:

"That in computing net income there shall be allowed as deductions:

*    *    *    *    *    *

"(6) Losses sustained during the taxable year of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States), if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. * * * In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913."

[1] The first point made by the government is that deductions are not allowable under this section, unless fixed by a sale of the property damaged; in other words, that mere damage is not a deductible loss. The last sentence of the section seems to me to negative this contention. It refers specifically to "damage to property" as a deductible loss, and it has been uniformly interpreted as permitting deduction for such losses. Shearer v. Anderson (C. C. A.) 16 F.(2d) 995, 51 A. L. R. 534; Webb's Appeal, 1 B. T. A. 759; McCormick's Appeal, 1 B. T. A. 1061; and department rulings referred to in Montgomery's Income Tax Procedure (1927) vol. 1, pp. 881, 882. In Richardson's Appeal, 1 B. T. A. 576, in which damage by this same ice storm to an estate near the plaintiff's was disallowed as a deduction, the tract affected was largely woodland, and the proof of damage was much less complete and certain than in this case. There is obviously a great difference between trees associated with a house to beautify its grounds and mere woodland.

[2] The only other point is whether the damage is sufficiently proved. This is a question of fact. The testimony of the plaintiff's witnesses does not seem to me so inherently improbable as to be unworthy of belief. The government has not undertaken to con-

tradict it, although it could easily have done so, if the opinions expressed were unsound. Sworn testimony from reputable witnesses on a point about which the court can have no accurate general information ought not to be rejected without adequate reason for such action, and none has been suggested. I therefore find that the plaintiff sustained damage to his property from the ice storm, amounting to $10,000, and I rule that this damage constituted a deductible loss.

Judgment for the plaintiff.