MARY CHENEY DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20324.   Promulgated April 18, 1929.

*Foster E. Allison, Esq.,* for the petitioner.
*L. L. Hight, Esq.,* for the respondent.

66

OPINION.

TRUSSELL: By section 214 (a) (6) of the Revenue Act of 1921 it is provided that in computing net income there shall be allowed as deductions:

(6) Losses sustained during the taxable year of property not connected with trade or business * * * if arising from fires, storm, shipwreck or other casualty or from theft, if not compensated for by insurance or otherwise. * * * In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

Petitioner has appealed from respondent's disallowance of a deduction from gross income taken by her of $30,000 for the taxable year 1921 as damage sustained in that year to her country estate, as a result of an ice, sleet and wind storm.

One case has been before the Board and one before the courts involving deductions taken under authority of the section quoted, for damages to property arising from this same storm. In *Anne B. Richardson*, 1 B. T. A. 576, we approved the action of the Commissioner in his disallowance of a deduction taken; this, however, being due to the fact that the damage claimed was not sufficiently proven for us to ascertain the amount. In *Whipple* v. *United States*, 25 Fed. (2d) 520, there was presented a case substantially similar to the one before us of damage to ornamental and fruit trees from the sleet, ice and wind. The court, in holding that the damage, if proven, was allowable under section 214 (a) (6), said:

If however, the trees are fruit or ornamental trees or immature trees, they are of more value standing than felled, and the injury therefore goes beyond the mere destruction of the trees, it is an injury to the realty since the value of that is diminished by more than the value of the trees as timber, because the chief value is for productive or ornamental purposes. The measure of damages when ornamental or fruit-bearing trees or growing timber trees are cut is therefore the difference in value of the realty before and after the trespass.

The question we have here is one of fact, the extent of the loss in value of the estate due to the damage sustained. Upon this question

68

the evidence introduced by the petitioner is convincing. It is testified by competent witnesses, whose experience and knowledge of such matters are shown beyond question, that the repair of the damage, in so far as repair was possible, could not be accomplished for less than $30,000, and that such repair would not bring the place back to the same point of perfection and beauty which it formerly had. It is further shown that, taking the damaged trees and shrubs separately, the total of the damage done to the individual value of each was largely in excess of this sum and, finally, it is shown to our satisfaction that the estate as a whole had a reasonable market value immediately before the storm of $110,000 and such value after the storm was not in excess of $80,000, the loss in value being due wholly to the damage done.

Petitioner is due a deduction of $30,000 from gross income for 1921 as a loss sustained by reason of this damage.

*Judgment will be entered pursuant to Rule 50.*