JOHN S. HALL AND JAMES GARFIELD, EXECUTORS, ESTATE OF CHAS. F. CHOATE, JR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13552. Promulgated April 18, 1929.

*James Garfield, Esq.*, for the petitioners.
*L. L. Hight, Esq.*, for the respondent.

**72**

OPINION.

Trussell: By section 214 (a) (6) of the Revenue Act of 1921 it is provided that in computing net income there shall be allowed as deductions:

(6) Losses sustained during the taxable year of property not connected with trade or business * * * if arising from fires, storm, shipwreck or other casualty or from theft, if not compensated for by insurance or otherwise. * * * In case of losses arising from destruction of or damage to property, where the property so destroyed or damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair price or value as of March 1, 1913.

Petitioners have appealed from respondent's disallowance of a deduction from gross income taken by decedent of $15,000 for the taxable year 1921 as damage sustained in that year to his country estate, as a result of an ice storm.

The question we have here is one of fact, the extent of the loss in value of the estate due to the damage sustained. *Whipple* v. *United States*, 25 Fed. (2d) 520; *Mary Cheney Davis*, 16 B. T. A. 65. Upon this question the evidence introduced by the petitioners is convincing. The record shows by the testimony of competent witnesses

that the damage done was very extensive, that the estate was a very valuable one, worth in excess of $150,000, and that a large portion of its value lay in the beauty and perfection of its ornamental trees and shrubbery. These witnesses compute the damage at $15,000, as the difference between the reasonable sale value of the place immediately before and after the storm, there being no change in the market, and such decrease being due wholly to the damage done. This testimony is clear, reasonable, and well sustained, and no evidence was introduced by respondent contradicting it in any respect and we accept these facts as sufficiently proven.

The estate of this taxpayer should be allowed a deduction of $15,000 from his gross income for the calendar year 1921 as a loss occasioned by storm and not compensated for by insurance or otherwise.

*Judgment will be entered pursuant to Rule 50.*