ESTATE OF M. A. BRADLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30638.   Promulgated February 26, 1930.

*Franklin C. Parks, Esq.,* for the petitioner.
*John D. Kiley, Esq.,* for the respondent.

50

OPINION.

VAN FOSSAN: On June 25, 1926, a check for $47,383.51 in payment of taxes due from M. A. Bradley to the County of Cuyahoga, Ohio, was delivered to and accepted by the county treasurer. Following the office practice the check and tax bills were laid to one side for later attention. On August 2, 1926, the tax bills were stamped " paid " but the check was not deposited and paid by the bank until September 21, 1926. M. A. Bradley died on June 26, 1926. The question presented for decision is whether decedent was entitled to

a deduction for taxes paid under section 214 (a) of the Revenue Act of 1926, which provides:

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(3) Taxes paid or accrued within the taxable year except \* \* \*. (Exceptions not material.)

Under the circumstances and facts of this particular case, we are of the opinion that the delivery of the check of M. A. Bradley, made by F. W. Watson in his behalf, to Alex Bernstein, chief deputy of the county treasurer of Cuyahoga County, Ohio, as a liquidation of the tax charges and liabilities of the said Bradley to the County of Cuyahoga and the acceptance of the same constituted a proper payment of such obligations. The underlying purpose of securing a statement of taxes due from Bradley as soon as possible after they became due and payable, was to effect such payment before Bradley's death. The county treasurer, through his deputy, knew specifically of the condition of Bradley's health and was impressed with and understood the necessity of the immediate payment of his taxes. Consequently, he furnished the tax statement and accepted Bradley's check from Watson, his bookkeeper, to assist in accomplishing that very purpose. See *Kuhnes* v. *Cahill*, 128 Iowa 594.

Under normal conditions the tax bills would have been stamped paid in the office of the county treasurer on June 25, 1926, and returned to the taxpayer the same day. That the county treasurer did not wait for clearance of the check through the bank before affixing the stamp is evidenced by the fact that the tax bills were marked paid on August 2, 1926, whereas the check was not paid by the bank until September 21, 1926. Only the stress of business and the accepted practice of the county treasurer's office due thereto prevented the endorsement of payment on the tax bills on June 25, 1926. Had this occurred, we may fairly assume the present question would never have arisen.

Looking into the practical side of the matter, if the usual rule requiring deposit of checks on the next secular day had been complied with, the check might have been paid by the bank before decedent's death. To hold that the delay of the county treasurer in depositing the check suspended the fixation of petitioner's rights until such deposit, would introduce such uncertainty into the determination of income as to make accuracy in accounting impossible. It would distort the reasonable intention of the law.

At the least, the payment on June 25, 1926, was a conditional one. The evidence is that the check would have been paid on presentation regardless of the status of the particular account on which

it was drawn. The check was duly paid. Under well established law the payment of the check on September 21, 1926, related back to the date of its delivery and the debt is deemed to be discharged from that date. 21 R. C. L. 70; *Hooker* v. *Burr*, 137 Cal. 663; *McFadden* v. *Follrath* (Minn.), 130 N. W. 542.

In *Estate of John F. Dodge*, 13 B. T. A. 201, we held that the payment by the bank of a check representing a gift was necessary in order to complete the gift. That decision was based primarily on the lack of consideration for the gift. The status of a gift, however, is quite different from that of the payment of the legal obligation involved in this case. Hence, our decision in the *Dodge* case is not in conflict with the views above expressed.

Inasmuch as no definite evidence was submitted relating to the item of $93.55 alleged to have been paid as a war tax, the ruling of the respondent in this respect is approved.

*Decision will be entered under Rule 50.*