**BUTTRAM v. JONES, Collector of Internal Revenue.**

Civ. No. 991.

United States District Court
W. D. Oklahoma.

Jan. 30, 1943.

Butler & Rinehart, Oklahoma City, Oklahoma, for plaintiff.

Charles E. Dierker, United States Attorney, and George H. McElroy, Assistant United States Attorney, Oklahoma City, Okl., for defendant.

## Findings of Fact and Conclusions of Law.

BROADDUS, District Judge.

At the pretrial conference certain allegations in plaintiff's petition were admitted, and they are as follows:

1. Plaintiff is a resident and citizen of Oklahoma, and defendant, H. C. Jones, at all times material to this action, was the Collector of Internal Revenue for the United States in Oklahoma.

2. Plaintiff was the owner of certain real property upon which he had planted, maintained and cared for, certain trees, shrubs and other plantings.

3. Within the time allowed by law, plaintiff filed his income tax return for the year 1936, correctly setting forth his taxable income for that year, and paid to the United States, through its Collector of Internal Revenue for Oklahoma, the taxes shown due by such return.

4. Prior to the year 1936, plaintiff had purchased approximately seventy acres of ground upon which the trees, plantings and shrubs had been planted and upon which he had built a residence which he at all times occupied as his home.

5. At the time of the purchase, plaintiff intended to sell a portion of the land at a profit, if possible, and purchased the tract of land, except that portion occupied by his home and the grounds adjacent thereto, for investment, and the plantings were to enhance the value of the property.

6. The Commissioner of Internal Revenue made a redetermination in which certain deductions for the loss of the trees, shrubs and plantings claimed by reason of an unusual drought in the year of 1936 in the return were not allowed. A tax deficiency was determined by the Collector by virtue of the disallowing of the alleged loss, and the plaintiff, on January 22, 1940, paid an additional tax of $134.50 under protest. Thereafter on February 4, 1941, the plaintiff made a claim for refund covering this item, and on April 1, 1941, the claim was rejected and the ruling became final. After further hearing and on November 12, 1941, plaintiff received official notice that the claim for refund was disallowed.

7. The case coming on for trial on November 27, 1942, the plaintiff introduced evidence which established prima facie the facts hereinafter lettered A and B. The defendant presented no evidence upon such issues of fact because of the court's conclusions of law, and for that reason, the findings lettered A and B are not conclusive in the event of further trial of this action, or in the event of any additional causes or trial substantially involving the same or similar facts.

A. During the year of 1936 there was an unusual and unprecedented drought in the vicinity of Oklahoma City and its immediate vicinity and in fact for nearly the whole of Oklahoma, which caused a loss of certain trees, shrubs and plantings upon the lands of the plaintiff. The only evidence offered by the plaintiff as to the amount of the loss was as to the cost of the trees, shrubs and plantings when planted and the cost of maintaining and caring for the trees, shrubs and plantings from the time of the planting until and through the summer and fall of 1936. The plaintiff's claim includes the trees, shrubs and plantings which died during the summer and fall of the year of 1936.

B. There was no evidence to establish a difference in the value of the land upon which the trees, shrubs and plantings had been planted prior to the destruction of said shrubs, trees and plantings and of the subsequent value of the land after the loss, if any, caused by the drought.

Conclusions of Law.

The court concludes as a matter of law—

■ (a) The unprecedented and unusual drought is a "casualty" within the meaning of Section 23(e) (3) of the Revenue Act of 1936, 26 U.S.C.A. § 23(e) (3).[1]

(b) Whatever loss the plaintiff suffered was fixed in the year 1936,[2] and it is not necessary that plaintiff sell or dispose of the land in order to determine such loss.[3]

(c) The deductible loss is the difference between the value of the estate immediately preceding the casualty and the value after the casualty but not in excess of an amount equal to the adjusted basis of the estate,[4] and in determining such loss the trees and shrubbery should be treated as an integral part of the estate and no separate basis apportioned thereto.[5]

(d) Burden of proving deductible loss is on the plaintiff,[6] and there is no proper evidence in the case by which the court may determine the loss of the plaintiff.[7]

1. Matheson v. Commissioner, 2 Cir., 54 F.2d 537; Hale v. Welch, D.C., 38 F. Supp. 754; Whipple v. United States, D.C., 25 F.2d 520; Mary Cheney Davis v. Commissioner, 16 B.T.A. 65; John S. Hall et al. v. Commissioner, 16 B.T.A. 71; Shearer v. Anderson, 2 Cir., 16 F.2d 995.

2. Dayton Co. v. Commissioner of Internal Revenue, 8 Cir., 90 F.2d 767; Ferguson v. Commissioner of Internal Revenue, 10 Cir., 59 F.2d 893, 894;

3. Dayton Co. v. Commissioner of Internal Revenue, supra, 90 F.2d at page 771. See also Whipple v. United States and Shearer v. Anderson, supra, no sale being had in either case.

4. Whipple v. United States; Mary Cheney Davis v. Commissioner; John S. Hall et al v. Commissioner, supra; Frederick H. Nash v. Commissioner, 22 B.T.A. 482; Helvering, Commissioner of Internal Revenue v. Owens et al., 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292; See also 17 C.J. 891; 25 C.J.S., Damage, § 85.

5. Harry Johnston Grant v. Commissioner, 30 B.T.A. 1028; Whipple v. United States, supra, no separate apportionment had.

6. Reinecke v. Spalding, 280 U.S. 227, 233, 50 S.Ct. 96, 74 L.Ed. 385; Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991; Paul & Mertens, Law of Income Taxation, vol. 3, p. 253, § 26: 28.

7. Mary Cheney Davis v. Commissioner; Harry Johnston Grant v. Commissioner; Whipple v. United States, Supra.