William O. Lindley v. Commissioner.
Lindley v. Commissioner
Docket No. 26881.
United States Tax Court
1952 Tax Ct. Memo LEXIS 256; 11 T.C.M. (CCH) 355; T.C.M. (RIA) 52104; April 15, 1952
*256 Emrys J. Ross, Esq., c/o Dunlap, Homes, Ross & Woodson, 800 First Trust Bldg., Pasadena, Calif., for the petitioner. B. H. Neblett, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has disallowed a deduction in 1946 of $25,000 which the petitioner claims represents the amount of a casualty loss. The deduction is claimed under section 23 (e) (3) of the Internal Revenue Code. The respondent's determination gives rise to a deficiency in income tax for 1946 in the amount of $14,471.64. The question to be decided is the amount of the casualty loss to residential property resulting from damage by windstorm to trees, shrubs, and ornamental plants, which loss was not covered by insurance or otherwise compensated. The petitioner filed his return with the collector for the sixth district of California. The Court makes the following Findings of Fact 1. The Court finds the facts as the parties have stipulated. 2. The petitioner is the owner of property at 1366 East Palm Street, Altadena, California, which is legally described as lots 1 and 2 of tract 2544, containing 3.61 acres. This property *257 is improved by an elaborate residence built in 1915 and landscaped gardens. The petitioner's adjusted basis of the property is $119,000, plus the cost of certain capital improvements made in 1925. 3. A windstorm occurred on January 6, 1946, causing casualty damage to trees and shrubbery on lots 1 and 2, for which loss the petitioner was not compensated by insurance or otherwise. 4. The petitioner spent $1,205.25 in cleaning up the premises after the windstorm. 5. In 1941, another windstorm caused extensive damage to the property in question which included the complete loss of eight large trees, destruction of numerous shrubs and plants, and damage to other trees to the extent of $6,000, which casualty loss reduced the basis of the property in question to $119,000, plus the cost of the capital improvements made in 1925. 6. The windstorm of January 6, 1946, damaged or destroyed 34 trees; [1] 100 feet of hedge measuring from 6 to 100 feet in height; 100 rose bushes; 200 miscellaneous shrubs; 5 camellia bushes; and about 1,000 miscellaneous flower bed plants and ground covering plants such as ivy and lantanna. *258 7. None of the destruction of or injury to the trees, shrubs, and plants was insured, and the petitioner has not received other compensation for the damages. 8. The damage to trees and plants was, in general, of the nature which is usually caused by a severe wind. Some large trees were broken down completely and others were broken off. A great number of branches were broken off from trees. Bushes, shrubbery, and bedding plants were crushed by falling trees or branches, or were whipped by the wind. The trees which were destroyed or damaged were of various heights ranging from 15 to 60 feet. Between 5 and 10 per cent of the rose bushes and bedding plants could have been saved after the windstorm. The bedding plants, ivy, and other ground covering plants which were destroyed or damaged have a comparatively rapid growth in the Altadena environment. The bedding plants involved have a life of from three to six months. The pittosporum undulatum is a fast growing tree. 9. The fair market value of the petitioner's property immediately after the windstorm of January 6, 1946, was $7,500 less than it was immediately before the storm. The damage to the petitioner's property, caused by the *259 windstorm, resulted in a casualty loss to the extent of and not more than $7,500. Opinion The petitioner had the burden of establishing by competent proof the dollar amount of the loss which he sustained as the result of damages to trees, shrubbery, and plants caused by a windstorm on January 6, 1946. The question of the amount of the casualty loss which was sustained is a fact question. The issue to be decided presents no question of law. The rule of law to be applied is well established. The amount of a casualty loss to non-business property is measured by the difference between the value of the property immediately before and the value of the property immediately after the casualty, not to exceed the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468; Whipple v. United States, 25 Fed. (2d) 520; Harry Johnston Grant, 30 B.T.A. 1028; Frederick H. Nash, 22 B.T.A. 482, and cases cited therein. See also, G.C.M. 21013, C.B. 1939-1, p. 101. In measuring such loss, the land and the improvements thereon must be treated as a unit. The parties to this proceeding know the applicable rule of law and proceeded *260 with the presentation of evidence in accordance therewith. The petitioner introduced evidence which depicted and described the extent of the windstorm damage. He also called an expert witness to testify as to his opinion of the fair market values before and after the windstorm of the property in question. The respondent, also, called an expert witness who gave his opinion of the fair market values of the property in question before and after the casualty damage to the property. The petitioner, in addition to the testimony of his expert witness, relies upon another witness' estimate of the cost of replacing the trees and other ornamental plants and shrubs. Cf. Mary Cheney Davis, 16 B.T.A. 65, 68. However, the Court is unable to give as much weight to the estimate of the costs of replacements as the petitioner contends should be given. The burden was upon the petitioner to establish that his loss actually amounted to $25,000, the amount of the claimed deduction. His expert witness testified that the value of the property, as a unit, was $25,000 less after than it was before the storm. But the opinion of the petitioner's expert was considerably impaired by the testimony *261 of the respondent's expert witness who took into account factors which either were overlooked or were not sufficiently considered by petitioner's expert and which, in our judgment, must be given much weight. Upon all of the evidence, it must be concluded that the petitioner has failed to prove that the decrease in the value of the property resulting from the storm actually amounted to $25,000. Our finding is that the decrease in value amounted to and did not exceed $7,500, and that the loss sustained amounted to $7,500. Under the Rule 50 recomputation the petitioner shall be allowed deduction of $7,500 for the casualty loss. Decision will be entered under Rule 50. Footnotes
1. The varieties of the trees which were damaged or destroyed were as follows: 9 acacia; 4 Monterey pines; 1 Canary pine; 6 Italian cypress; 3 eucalyptus; 5 avacado; and 6 pittospornum undulatum.↩