Louis A. Edwards v. Commissioner.
Edwards v. Commissioner
Docket No. 77518.
United States Tax Court
T.C. Memo 1960-172; 1960 Tax Ct. Memo LEXIS 108; 19 T.C.M. (CCH) 925; T.C.M. (RIA) 60172; August 31, 1960
*108 Held: Amount of casualty loss determined for deduction under Section 165(c)(3), 1954 Code. Louis A. Edwards, pro se, 4047 Ida, Detroit, Mich. Donald E. Wynn, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax for the year 1954 in the amount of $815.29. In 1954 a severe windstorm caused the loss of many trees on petitioner's property. He sustained a casualty loss within Section 165(c)(3) of the 1954 Code. The only question for decision is the amount of the loss. Findings of Fact The petitioner is a resident of Detroit, Michigan. He filed his return for 1954 with the district director of internal *109 revenue for Michigan. The petitioner is a graduate architect, registered in the State of Michigan. He is employed by General Motors Corporation in its Argonaut Realty Division. His duties include making appraisals of property. In 1943, petitioner acquired 3 1/2 lots, about 1 acre, in the Huron-Cedar Lakes Subdivision No. 2 in the Township of Greenbush, Alcona County, Michigan. In 1944, he built a house on the property. By the terms of the recorded plat of the subdivision the use of the lots is restricted to dwelling purposes, and the minimum cost of a house, specifications, ground floor space, and the lines of foundation are prescribed. State Highway 23 runs along the rear of petitioner's lots, and their frontage is on Lake Huron. They were heavily wooded. Also, trees along the highway provided a screen and windbreak. On August 9, 1954, there was a severe tornado in Alcona County. Petitioner's property was in the path of the windstorm. It blew down and damaged 107 trees; 50 were located on petitioner's property and 57 were just beyond the line of his property in the right-of-way between it and the highway. The destroyed trees were from 15 to 70 feet in height and 4 to 18 inches *110 in diameter. They were either blown down completely or were blown over and uprooted. The storm substantially reduced the number and density of the trees on petitioner's property and the over-all shade and screening they had provided before the storm. The fallen and dislocated trees constituted substantial devastation and waste on petitioner's property necessitating their removal and the clearing out of breakage and clutter. The number and size of the trees on petitioner's property before the storm contributed to its value. The destruction of trees by the storm reduced the value of the property by $1,000, which was the difference between the fair market value of the entire property immediately prior to and immediately after the storm. In 1954 the petitioner sustained a casualty loss of $1,000, no part of which was compensated for by insurance or otherwise. Opinion HARRON, Judge: Section 165(c)(3) of the 1954 Code applies to the instant case and, as it applies here, a deduction is allowable for a casualty loss sustained by an individual in the taxable year, not compensated for by insurance or otherwise, which arose from a storm which caused damage to nonbusiness property. *111 The only dispute between the parties is whether the windstorm damage to trees on petitioner's property resulted in any decrease in the value of the property, and if so, the dollar amount thereof. The petitioner, on his return for 1954, itemized various deductions totaling $3,514.21, which included a casualty loss deduction of $3,000 for the windstorm damage to his property. The respondent disallowed the entire amount of the casualty loss deduction. He then allowed the standard deduction of $1,000 in lieu of allowable itemized deductions. Since the itemized deductions other than the deduction for a casualty loss amounted to only $514.21, the petitioner in effect received an allowance for the casualty loss, namely, $485.79. The respondent does not contend that no loss was sustained by the petitioner from the windstorm damage to trees on his property. He only disputes the claim that the amount of the casualty loss exceeded what in effect has been allowed. The petitioner contends that the amount of the casualty loss was $3,000. Each party introduced evidence in support of his contention. The established rule is that the amount of an allowable deduction for a casualty loss in the *112 case of nonbusiness property is the difference between the fair market value of the property immediately prior to the occurrence of a casualty and its fair market value immediately thereafter, limited to the adjusted basis of the damaged or destroyed property. Helvering v. Owens, 305 U.S. 468. The same rule is applied in the computation of the amount of a loss caused when trees on residential property are destroyed or damaged. Buttram v. Jones, 87 F. Supp. 322. In applying this rule in instances where a storm or other casualty has caused damage to trees, the entire property is considered as a unit (land, improvements, and trees), and the loss is measured by the decrease, if any, in the fair market value of the entire property immediately after the occurrence of the casualty as compared with the fair market value of the entire property immediately before. Buttram v. Jones, supra, and cases cited therein; Whipple v. United States, 25 F. 2d 520; Frederick H. Nash, 22 B.T.A. 482, and Bessie Knapp, 23 T.C. 716, 719. See also G.C.M. 21013, 1939-1 C.B. 101. Cf., Bliss v. Commissioner, 256 F. 2d 533. *113 The Congress has not seen fit, for income tax purposes, to allow the computation of the amount of a casualty loss to be measured by the replacement cost or the value of any particular part of the whole unit of the property affected by the casualty, such as a particular building or part of a building, or the individual trees which have been destroyed. This was noted in Bessie Knapp, supra, where we said, "It appears that in the cases cited * * * there was no practical reason, for tax purposes, to consider the land and buildings or trees separately in determining the amount of the casualty loss." The estabished rules have been applied here, and we have considered all of the evidence of the petitioner and the testimony of the respondent's witness. The entire record has been carefully considered. It is our conclusion that there was a decrease in the fair market value of petitioner's property, considered as a whole, immediately after the damage which the severe windstorm caused, compared with its fair market value immediately before the storm, and that the difference in such value was not more than $1,000. We have made that finding. The petitioner is entitled to a casualty *114 loss deduction in the amount of $1,000. He is, therefore, entitled to itemize all of his allowable deductions rather than be limited to the standard deduction of $1,000. Decision will be entered under Rule 50.