OPINION. Black, Judge: Although respondent allowed petitioners a casualty loss of $4,000 due to the destruction in their garden, his expert witnesses testified that the fair market value of petitioners’ property decreased $9,500 as a result of the freeze, and on brief respondent now concedes this sum is an allowable deduction under section 165 (a), (b),and (c) (3),I.E.C. 1954.[1] The parties do not disagree as to the applicable principle of law by which the amount of the loss is to be determined. That rule was stated in Buttram v. Jones, 87 F. Supp. 322, 324, thus: The deductible loss is the difference between the value of the estate immediately preceding the casualty and the value after the casualty but not in excess of an amount equal to the adjusted basis of the estate, and in determining such loss the trees and shrubbery should be treated as an integral part of the estate and no separate basis apportioned thereto. [Footnotes omitted.] The question of the extent of the decrease in the value of the property is one of fact. John S. Hall et al., Executors, 16 B.T.A. 71. After a careful review of the testimony of expert witnesses introduced by the parties, evidence of the cost of repairing and replacing the damaged portions of petitioners’ garden, and all other relevant factors presented in the record, we are satisfied that the fair market value of petitioners’ property decreased by the amount of $13,125 as a result of the damage wreaked by the freeze, and have so found. Therefore, that amount of casualty loss should be allowed petitioners under Eule 50 instead of the $4,000 which the Commissioner allowed in his deficiency notice. The second issue presented is whether petitioners may deduct one-half of the nonreimbursed expenses of their trip to South America as ordinary and necessary business expenses of Donald. While travel expenses incurred by a partner in connection with partnership business are not normally deductible by the partner on his individual return, where partners agree that such expenses are to be borne by each partner, the expenses are deductible by the partner incurring them. Hiram C. Wilson, 17 B.T.A. 976; Frederick 8. Klein, 25 T.C. 1045. If the travel expenses here in issue constitute ordinary and necessary business expenses, we have no doubt that petitioners may deduct them. Expenses are ordinary if incurred in pursuing a course of conduct which constitutes a normal and natural response under the specific circumstances in which a taxpayer finds himself. Welch v. Helvering, 290 U.S. 111; Hill v. Commissioner, 181 F.2d 906. Donald’s situation with regard to expenses claimed as deductible was that he was senior partner of a law firm retained as local counsel by an airline client for an amount totaling approximately $5,000 per year. The client paid the law firm additional unspecified sums for legal services rendered beyond the routine. Donald, as the partner who took a leading part in handling the client’s affairs, felt the client expected the firm to render promotional and public relations advisory services in addition to legal services. For the year in which the expenses, deduction of which is here sought, were incurred, Donald reported distributable income from the partnership in the amount of $55,783.19, or in excess of $4,600 per month for a full year. While the client provided Donald with air transportation outside this country, Donald expended $1,573.71 for his costs on the trip. He was accompanied on the trip by his wife, no part of whose expenses is claimed as deductible. Donald spent 3 months on the South American trip and away from his partnership office. Except for the overseas transportation provided by the client, neither the firm nor Donald was reimbursed for Donald’s expenses or paid for his time or efforts. Under the facts in the instant case, we are not convinced that Donald’s 3-month trip to South America can be classed as a business trip on behalf of Pan American. He claims a deduction of the entire amount of $1,573.71 (one-half of the expenditures incurred and paid on the trip by himself and wife). It seems manifest to us that this cannot be allowed as a deduction under the applicable law and regulations. We hold, therefore, that Donald’s expenses of the South American trip are not deductible as nonreimbursed business expenses. Decision will be entered wnder Rule 50. SEC. 165. LOSSES. (a) General Rule. — There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. — For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition, of property. ,(c) Limitation on Losses of Individuals. — In the case of an individual, the deduction under subsection (a) shall be limited to— ***** * * (3) losses of property not connected with a trade or business, if such losses arise from * * * casualty * * *