ALDREN H. HALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hale v. Commissioner
Docket No. 14974-79.
United States Tax Court
T.C. Memo 1982-527; 1982 Tax Ct. Memo LEXIS 222; 44 T.C.M. (CCH) 1116; T.C.M. (RIA) 82527; September 14, 1982. *222 Held:
(1) During 1973, P was married and must file as a married person filing separately, since he failed to show that he was legally divorced or separated from his wife, or that she was no longer living. (2) P is not entitled to any deduction for damage to his trees since he failed to prove that the casualty caused a loss in the value of his property. (3) P is not entitled to deduct any amount as a business loss since he failed to prove that he was engaged in an activity that constituted a trade or business, but he is allowed to deduct certain amounts under sec. 212, I.R.C. 1954, for expenditures for the production of income or for the management of income-producing property. (4) P is not entitled to defer the gain on the sale of a residence since he failed to prove that he sold a residence. (5) P is not entitled to deduct any amount for moving expenses since he failed to prove that his move was incident to commencing any employment or business at the new location. (6) P is entitled to deduct a determined amount as interest. (7) P is liable for the addition to tax under sec. 6651(a), I.R.C. 1954, for failure *223 to file timely his return for 1973. (8) P is liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for negligence. Aldren H. Hale, pro se. Thomas F. Niles, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiency in and additions to the petitioner's Federal income tax for 1973: Additions to Tax
Sec. 6651 (a) (1)
Sec. 6653 (a)
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
$4,121.40
$530.35
$301.53
The issues for decision are: (1) Whether the petitioner *226 is entitled to file his Federal income tax return as a single individual and claim the standard deduction allowed such an individual; (2) whether the petitioner is entitled to deduct any amount as a casualty loss; (3) whether the petitioner sustained a business loss; (4) whether the petitioner is entitled to defer gain on the sale of a residence; (5) whether the petitioner is entitled to deduct any amount for moving expenses; (6) whether the petitioner is entitled to deduct any amount as interest; (7) whether the petitioner is liable for the addition to tax for late filing of a tax return; and (8) whether the petitioner is liable for the addition to tax for negligence. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Aldren H. Hale, resided in Marietta, Ga., at the time he filed his petition in this case. He filed his Federal income tax return for 1973 with the Internal Revenue Service. In 1959, Mr. Hale married Lillian Watkins. In 1960, she left Mr. Hale, and he has had no communications with her since 1961. He has not filed for a legal separation or divorce and does not know whether his wife has ever done so. He *227 does not know if she is living and has not tried to determine her whereabouts, other than to check a telephone directory. In 1959, Mr. Hale purchased a 39.293-acre tract of land in Douglas County, Ga. (Douglas tract), for $12,000. Such tract consisted of unimproved land. It was mostly wooded and contained a lake and a number of dirt roads. In 1960, Mr. Hale placed a house trailer on the tract and made the trailer his home. He expended $700 for fencing, electricity, and road improvements on such property during the entire period of his ownership. On January 7, 1973, an ice storm caused damage to a number of trees on the Douglas tract. Many trees were up-rooted and branches broken. The storm also damaged power lines on the property. After the storm, Mr. Hale spent no money to clear or remove any of the fallen trees, although the power company removed some of the trees. In April 1973, Mr. Hale sold the Douglas tract for $70,727.48. He incurred $80.11 in costs incident to such sale. Mr. Hale did not sell his trailer with the land, and he still owns it. The purchasers of the land allowed him to continue to live in the trailer on the land without the payment of rent, and *228 he continued to live there in the trailer until February 1975. Prior to 1973, Mr. Hale had never traded in commodities futures. During 1973, he commenced such activity and realized gains and losses through brokers as follows: Bache & Co.
$ 4,050.00 Barnes Brokerage Co., Inc.
(12,000.16)
Barnes Brokerage, Inc.
8,606.75 Such activity was the only trading of commodities futures with which Mr. Hale was involved in 1973. In connection with such activity, he purchased some books and magazines and subscriptions to the Wall Street Journal and the Journal of Commerce. In October 1973, Mr. Hale purchased a 5-foot boat. At the time of purchase, such boat was located in New York, but it was later moved to Connecticut. During 1973, Mr. Hale made some effort to have the boat moved to Savannah, but such effort was unsuccessful. During 1973, Mr. Hale purchased a semi-trailer at a cost of $1,308.79. In addition, he made a deposit of $500 to lease part of a building. Both of these expenditures were made for the purpose of storing his personal effects. In May 1975, Mr. Hale moved to Connecticut and made the boat his residence. By promissory notes, Mr. Michelmore *229 loaned Mr. Hale $997.67 on September 25, 1964, at 6-percent interest per annum and $100.00 on March 28, 1966, at 8-percent interest per annum. On or about June 4, 1973, Mr. Hale issued a check to Mr. Michelmore for $1,465.67 in total satisfaction of both notes. Of this amount, $368.00 represented interest and was based on a rate of 4 percent per annum. By check dated December 30, 1973, Mr. Hale paid $500.00 to John P. Aherns, a relative of Mr. Hale's wife. Such check contained the statement "Interest on loan." In 1974, Mr. Hale's accountant secured three extensions for the filing of Mr. Hale's Federal income tax return for 1973, and the time for filing such return was extended to October 15, 1974. However, such return was not filed until April 14, 1977, when it was filed with the Brunswick, Ga., office of IRS. In 1974, 1975, 1976, and 1977, Mr. Hale suffered from a variety of maladies, and he was dissatisfied with the drafts of such return prepared by his accountant. On his return for 1973, Mr. Hale claimed to be single and entitled to one exemption. He also claimed a business loss of $5,063.66, moving expenses of $2,500.00, and a standard deduction of $2,000.00. He determined *230 the amount of capital gain on the sale of the Douglas tract by allocating a portion of the amount realized from such sale to his "residence" for the purpose of deferring gain. In his notice of deficiency, the Commissioner determined that Mr. Hale was married and allowed him $1,000 as a standard deduction for a married person filing separately. He also disallowed the deduction for the business loss and for moving expenses, determined that none of the gain on the sale of the Douglas tract was allocable to the sale of a residence, and asserted additions to tax for late filing and for negligence. OPINION The first issue for decision is whether Mr. Hale is entitled to file as an unmarried person and claim a $2,000 standard deduction allowed single individuals. An individual is considered married if, on the last day of the taxable year, he is legally married under local law and is not legally separated from his spouse under a decree of divorce or separate maintenance. See secs. 2(c), 143. Mr. Hale has the burden of disproving the Commissioner's determination of his marital status. Rule 142(a), *231 Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933); Donigan v. Commissioner,68 T.C. 632 (1977). At trial, Mr. Hale stated that he was married and that his wife deserted him. Yet, he never filed for divorce or separation and does not know whether his wife has done so. Although he does not know her whereabouts, he has no proof that she is dead. Under these circumstances, we find that Mr. Hale must file as a married person filing separately and that he is entitled to a standard deduction of only $1,000, the standard deduction allowed such an individual. Accordingly, we sustain the Commissioner's determination on this issue. Donigan v. Commissioner,supra.
The next issue for decision is whether Mr. Hale is entitled to deduct any amount as a casualty loss for property damage sustained as a result of an ice storm. Section 165(a) allows a deduction for any loss sustained during the taxable year not compensated *232 for by insurance or otherwise. However, in the case of a loss by an individual not arising in a trade or business or in a transaction entered into for profit, section 165(c)(3) limits such a deduction to a loss arising from fire, storm, shipwreck, or other casualty or from theft; and such deduction is allowable only to the extent that the loss from each casualty or theft exceeds $100. Mr. Hale bears the burden of proving the extent of his losses. Rule 142(a); Welch v. Helvering,supra;Western Products Co. v. Commissioner,28 T.C. 1196, 1219 (1957). Where a casualty loss affects nonbusiness property, the proper measure of the loss is the difference between the fair market value immediately before the casualty and the fair market value immediately thereafter, but the loss cannot exceed the adjusted basis of the property. See Pfalzgraf v. Commissioner,67 T.C. 784, 787 (1977); sec. 1-165-7(b)(1), Income Tax Regs. The determination of fair market value should generally be ascertained by competent appraisal. Sec. 1.165-7(a)(2), Income Tax Regs. *233 However, evidence as to the costs of repairs actually made has been taken into consideration in determining the amount of an allowable loss. Lamphere v. Commissioner,70 T.C. 391, 396 (1978); Farber v. Commissioner,57 T.C. 714, 719 (1972); Harmon v. Commissioner,13 T.C. 373, 382-383 (1949). The Commissioner does not deny that an ice storm occurred in 1973 or that such storm damaged trees on Mr. Hale's property. He does dispute that such storm diminished the fair market value of the Douglas tract and specifically questions Mr. Hale's method of valuation. Before the ice storm, Mr. Hale was asking $2,000 an acre for the Douglas tract. Sometime after the storm, he reduced the price to $1,800 an acre and actually sold the property at that price. He claims that the storm caused a loss in value of $200 an acre--a total loss of $7,800. However, the mere fact that he was asking $2,000 an acre for the property is not persuasive evidence that it was in fact worth that amount at that time. Axelrod v. Commissioner,56 T.C. 248, 257 (1971); see also United States v. Sowards,370 F. 2d 87, 92 (10th Cir. 1966). *234 He offered no other evidence to support his claim that the property was worth $2,000 an acre before the storm. He spent no money repairing the property or removing the damaged trees. The Douglas tract was heavily wooded--it contained no ornamental trees or residential development. Under these circumstances, we are not convinced that the storm actually caused any loss in the fair market value of the property. Accordingly, we hold that the petitioner is not entitled to any deduction for the damage caused by the ice storm. See and compare Chichester v. United States,185 Ct. Cl. 591 (1968), and Davis v. Commissioner,16 B.T.A. 65 (1929), with Whipple v. United States,25 F. 2d 520 (D. Mass. 1928), and Richardson v. Commissioner,1 B.T.A. 576 (1925). [3]
The next issue for decision is whether Mr. Hale is entitled to deduct any amount as a business loss for 1973. He bears the burden of proving that his activities constituted a trade or business *235 and that he incurred deductible expenses giving rise to such loss in the course of a trade or business during the taxable year. Rule 142(a); Welch v. Helvering,supra; cf. Deely v. Commissioner,73 T.C. 1081, 1097-1098 (1980). Mr. Hale contends that he was in a trade or business of dealing in commodities futures and that the business loss was a result of expenses incurred in pursuit of such business. However, he has failed to substantiate such claims and has shown us no evidence that his activities differed from those of an ordinary investor. Higgins v. Commissioner,312 U.S. 212 (1941). During 1973, he was a speculator in commodities futures. His activities were not so extensive as to conclude that he was in a trade or business. Patterson v. Hightower,245 F. 2d 765 (5th Cir. 1957). His activities were handled through brokers and were entered into only for himself. He had no customers, and he was not engaged in any business that utilized commodities futures as a hedge. See Corn Products Refining Co. v. Commissioner,350 U.S. 46 (1955). On these facts, we conclude that he was not *236 engaged in the trade or business of dealing in commodities futures. Accordingly, we sustain the Commissioner's determination that he was an investor and that the futures contracts he held were capital assets under section 1221. Faroll v. Jarecki,231 F. 2d 281 (7th Cir. 1956); Kemon v. Commissioner,16 T.C. 1026 (1951). In the course of his testimony, Mr. Hale attempted to set forth his expenditures for periodicals and books which he purchased to secure information and advice used for his investments. While such testimony was insufficient proof that his activities constituted a trade or business under section 62, it was sufficient to establish that he spent $40 which qualifies under section 212(1) and (2) as expenditures for the production of income or for the conservation and management of income-producing property. Accordingly, we hold that he is entitled to a deduction in that amount under section 212. See sec. 1.212-1(g), Income Tax Regs.; Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). The next issue for decision is whether Mr. Hale may defer under section 1034(a) any of the gain that *237 he realized on the sale of the Douglas tract. In 1973, such section provided, in part: If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him after December 31, 1953, and, within a period beginning 1 year before the date of such sale and ending 1 year after such date, property (in this section called "new residence") is purchased andused by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price * * * of the old residence exceeds the taxpayer's cost of purchasing the new residence. [Emphasis added.] To be entitled to the benefit of such section, Mr. Hale has the burden of proving that he has satisfied its requirements. Rule 142(a); Welch v. Helvering,supra;Shaw v. Commissioner,69 T.C. 1034, 1038 (1978). The sale of a taxpayer's residence requires the sale of a structure which is used *238 as a principal place of abode, and we have held that the sale of land without the structure does not constitute a sale of a residence within the meaning of section 1034. See Hughes v. Commissioner,54 T.C. 1049 (1970), affd. 450 F. 2d 980 (4th Cir. 1971); see also O'Barr v. Commissioner,44 T.C. 501 (1965). In view of the fact that Mr. Hale never sold the trailer, we hold that section 1034 is inapplicable. Moreover, even if Mr. Hale had sold the trailer in 1973, he still would not qualify under such section since he did not occupy the new residence (the boat) within the 1-year statutory period. See United States v. Sheahan,323 F. 2d 383 (5th Cir. 1963); Bayley v. Commissioner,35 T.C. 288, 295 (1960). Accordingly, we sustain the Commissioner's determination on this issue. The next issue for decision is whether Mr. Hale is entitled to deduct any amount for moving expenses under section 217. Such section allows a deduction for moving expenses paid or incurred during the taxable year in connection with *239 the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work. Section 217(c)(2)(B) denies a deduction to a self-employed individual unless: (B) during the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee or performs services as a self-employed individual on a full-time basis, in such general location, during at least 78 weeks, of which not less than 39 weeks are during the 12-month period * * * [immediately following his arrival in the general location of his new principal place of work]. Mr. Hale has the burden of proving that he is entitled to such deduction. Rule 142(a). There are questions as to whether the moving expenses claimed by Mr. Hale were paid or incurred in 1973 and whether such expenditures constitute moving expenses deductible under section 217, but we need not answer those questions. It is altogether clear that Mr. Hale has wholly failed to show that any of his claimed expenses were paid or incurred in connection with his commencing any work at the Connecticut location, either as an employee *240 or as a self-employed individual. See sec. 1.217-2(a)(3), Income Tax Regs.; Estate of Harrison v. Commissioner,62 T.C. 524, 533-534 (1974). Accordingly, we sustain the Commissioner's determination on this issue. The next issue for decision is whether Mr. Hale is entitled to an interest deduction under section 163. Such section allows a deduction for "interest paid or accrued within the taxable year on indebtedness." Interest is defined as compensation for the use or forebearance of money. Deputy v. Dupont,308 U.S. 488, 498 (1940); Williams v. Commissioner,47 T.C. 689, 692 (1967), affd. 409 F. 2d 1361 (6th Cir. 1968). Indebtedness is defined as "an existing, unconditional, and legally enforcible obligation for the payment of money." Kovtun v. Commissioner,54 T.C. 331, 338 (1970), affd. 448 F. 2d 1268 (9th Cir. 1971). Mr. Hale must prove that he is entitled to such a deduction. Rule 142(a); Welch v. Helvering,supra;Woodward v. United States,208 F. 2d 893, 897 (8th Cir. 1953). *241 At trial, Mr. Hale introduced a photocopy of the face of a check for $500 payable to Mr. Aherns and stated that such amount constituted interest on a loan. The copy of the check shows that it was drawn on December 30, 1973, and that it bore the legend "Interest on loan." Under these circumstances, we are satisfied that the check did represent a payment of interest. Mr. Hale also testified that he delivered such check to Mr. Aherns by mailing it to him in Connecticut. There is a question as to whether it was mailed in 1973, but in view of Mr. Hale's testimony, we are satisfied that it was mailed in 1973. See Estate of Speigel v. Commissioner,12 T.C. 524 (1949), and cases cited therein; see also Commissioner v. Bradley,56 F. 2d 728, 729 (6th Cir. 1932), affg. 19 B.T.A. 49 (1930); Witt's Estate v. Fahs,160 F. Supp. 521 (S.D. Fla. 1956). Accordingly, we hold that Mr. Hale is entitled to an interest deduction for such check in 1973. Mr. Hale also claimed that he was entitled to a deduction for interest he paid to Mr. Michelmore. We are satisfied from the check, the promissory notes, and the accompanying schedule *242 that he paid $368 of interest during 1973 and is entitled to a deduction for such interest.
The next issue for decision is whether Mr. Hale is liable for the addition to tax under section 6651(a)(1). Such section imposes an addition to tax where a return is not timely filed, unless such failure is due to reasonable cause. Mr. Hale bears the burden of showing reasonable cause for his late filing. Rule 142(a); BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976). Mr. Hale's accountant applied for extensions on three occasions, and as a result, the time for filing the return for 1973 was extended until October 15, 1974. Notwithstanding such extensions and other interim communications with the IRS, Mr. Hale did not file such return until April 14, 1977, one day before the date he would lose credit for the estimated tax payments that he made for 1973. Neither the variety of illnesses he allegedly suffered, his dissatisfaction with his accountant, nor any of his other complaints establish reasonable cause for the untimely filing. See Logan Lumber Co. v. Commissioner,365 F. 2d 846, 853-854 (5th Cir. 1966), *243 affg. on this issue a Memorandum Opinion of this Court; Snyder Air Products, Inc. v. Commissioner,71 T.C. 709, 718-719 (1979); Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608 (1961), affd. 302 F. 2d 42 (10th Cir. 1962). Accordingly, we sustain the Commissioner's determination on this issue. The last issue for decision is whether Mr. Hale is liable for the addition to tax under section 6653(a), relating to negligence. Such section provides, in part: If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations * * *, there shall be added to the tax an amount equal to 5 percent of the underpayment. Mr. Hale bears the burden of proving that he is not liable for such addition to tax. Rule 142(a); Bixby v. Commissioner,58 T.C. 757, 791 (1972). Mr. Hale claimed deductions to which he clearly was not entitled, failed to keep adequate records, and could not explain many of the items on his return. In view of such acts, Mr. Hale has failed to show that he was not *244 negligent within the meaning of section 6653(a). See, e.g., Marcello v. Commissioner,380 F. 2d 499, 505-507 (5th Cir. 1967), affg. on this issue a Memorandum Opinion of this Court. Accordingly, we sustain the Commissioner's determination on this issue. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1973.↩
2. All references to a Rule are to the Tax Court Rules of Practice and Procedure.↩
3. See also Laurie v. Commissioner,T.C. Memo. 1981-239↩.