## Williamson Veneer Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 8841, 22369, 31642.   Promulgated March 9, 1928.

*G. Harvey Porter, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

MILLIKEN: There is no proof as to the cost of the saw mill and electric motor which petitioner seeks to have deducted as a loss from 1919 income, and, in addition thereto, it sufficiently appears from the evidence that both were used during the year 1919 and a great portion of the year 1920. The machinery was never junked, dismantled, nor sold, but was left standing on petitioner's yard. So far as the record shows it may be yet useful and valuable. The mere fact that its use was discontinued is not conclusive proof that it is useless

or without value. Under these facts the action of the respondent was correct and is approved.

The cost of the warehouse built upon the right of way of the railroad company can not be allowed as a loss deduction from 1920 income, as there is no proof of the cost of the building or the amount of loss sustained. We also do not know the year in which the warehouse was erected. Based upon the opening statement of the representative of the petitioner, it appears a loss is claimed represented by the difference between the cost of the warehouse when erected less the sum received by way of insurance, with the resultant figure to be further increased by the cost of erecting a new warehouse to take the place of the one destroyed by fire. Even assuming we were supplied with the necessary facts upon which to base an opinion, it is sufficient to state the latter contention is without merit.

The remaining claim of petitioner is relative to the deduction for life insurance premiums paid by it on the life of its president. The facts upon which a decision must be based are very meager and if adequate might justify a more extensive consideration of the question at issue. The petitioner was very much in need of a bank loan and in order to secure same secured from its president and his wife certain life insurance policies which were assigned and pledged to the bank as security, the petitioner paying the premiums pending payment of the loan.

The Revenue Acts of 1921 and 1924 both provide in section 215 (a) (4) that no deduction shall be allowed in respect of—

Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

The insurance involved here was upon the life of petitioner's president and in our opinion the petitioner was indirectly a beneficiary during the time the policies were being used as collateral to its loan. It was because of this assignment and pledge to the bank that petitioner was enabled to obtain credit and funds for the operation of its business, which it sorely needed. The respondent did not err in refusing the deductions claimed for the years in question. Compare *Appeals of J. E. Chandler*, 3 B. T. A. 146, *Omaha Elevator Co.*, 6 B. T. A. 817, *Joy Floral Co.*, 7 B. T. A. 800, *Clarence W. McKay*, 10 B. T. A. 949, and *Rieck* v. *Heiner*, 20 Fed. (2d) 208, affirmed by the Circuit Court of Appeals, 3rd Circuit, 25 Fed. (2d) 453.

*Judgment will be entered on 15 days' notice, under Rule 50.*