BELLE ISLE CREAMERY CO., FORMERLY BELLE ISLE EAST SIDE CREAMERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12317. Promulgated December 14, 1928.

*W. T. McConnell, Esq.*, and *Edward Devine, C. P. A.*, for the petitioner.

*R. H. Ritterbush, Esq.*, for the respondent.

OPINION.

SIEFKIN: This is a proceeding for the redetermination of deficiencies in income and profits taxes for 1920 and 1921 in the respective amounts of $477.11 and $5,120.97. The only issue with respect to 1920 has been abandoned by the petitioner. Error is alleged as to the propriety of a deduction in 1921 on account of a loss from machinery and tools discarded in that year. The amount of $13,517.45 claimed was reduced by the petitioner to $8,479.95. The remaining issue relates to the gain or loss upon the sale of certain houses.

The petitioner is a Michigan corporation with its principal office at Detroit. During the whole of the year 1921 it was affiliated with International Milk Products Co. In the year 1921 it scrapped machinery and tools, acquired between 1916 and 1919 and used in its business, which, during the year 1921, became obsolete and worthless. Such machinery and tools had a depreciated book value based on cost less depreciation sustained to December 31, 1921, of $8,079.95 on December 31, 1921. The respondent, in determining the deficiency in 1921, denied deduction on account of the obsolescence of such machinery and tools. The sum of $8,079.95 should be allowed.

In December, 1919, and January, 1920, the petitioner purchased three houses and lots on Forest Avenue, Detroit, at a total cost of $24,750. The value of the houses when acquired was $7,800. The purpose in acquiring the property was to extend the petitioner's

plant and it was contemplated at the time of the purchase that the three houses should be moved off or sold so that the land would be available for plant excavations. In October, 1920, the three houses were moved to other lots and excavations were begun toward an extension of the petitioner's plant. The lots to which the three houses were moved cost the petitioner $6,720. Moving and reconditioning the houses cost $17,561.69. In 1921 the petitioner sold the three houses and lots for $31,000. The respondent, in determining the deficiency for 1921, adopted $1,500 as the cost of the three houses in December, 1919, and January, 1920, such amount being the sum set up on the petitioner's books of account as of December 31, 1920.

We are satisfied that the value of the houses when acquired was $7,800 and we have so found. We also believe that that amount should be taken as their cost and used in the computation of gain or loss on their disposition. It follows that there was no gain.

*Judgment will be entered under Rule 50.*