JOHN M. STEVERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33351. Promulgated February 28, 1931.

*William S. Pritchard Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

486

OPINION.

TRAMMELL: The petitioner is entitled to a deduction on account of the loss by fire of the property set out in the findings of fact based on the cost of such property less depreciation sustained, and with respect to the lumber less the amount of depletion already allowed thereon and less any amounts charged to expense in connection therewith. The respondent contended that there was not sufficient basis as disclosed by the evidence for any deduction on account of the loss above, that is was not shown to what extent the amount claimed has not already been deducted as expenses or otherwise.

It is shown, however, what the property cost when acquired and, with respect to certain of the assets, their expected life. With respect, however, to the saws, we have no evidence as to how long they would last when in use and we have evidence only as to the cost of two of them, apparently two of those which were in use. It may well be that saws in use do not last more than two years, for all the record discloses. We have no evidence as to the proper life of the sheds, or their cost. The dry kiln cost $3,500 and there is no evidence that this was built out of lumber from the petitioner's timber, and there is evidence that its value was approximately the same as its cost when new. It is clear, however, that some depreciation was

being sustained. We think, however, from the testimony that it had a life of at least 20 years, and having been in use two years, its cost should be reduced in determining the loss to the extent of 5 per cent per year.

With respect to all of the lumber and logs destroyed, the cost of the manufactured lumber and that which had gone into the dry kiln should be reduced to the extent of depletion allowed at $4.75 per thousand. Since the logs delivered at the mill cost $8 per thousand, this cost should be reduced as above stated in determining the deductible loss. There is no evidence in the record to indicate whether the cost of placing the logs at the mill and manufacturing and dry-kilning the lumber was deducted as an expense. Without some evidence on the question, we can not determine that it was not deducted as expense. In this state of the record such cost may not be allowed as a loss and the cost of lumber and logs should not be increased by such amounts.

With respect to the edger which cost $400 and which had been in use four months when destroyed, there is no direct evidence upon which we could determine the rate of depreciation. We think, however, that this edger had a life of at least 10 years. The two boilers had a life of 30 years. No amount can be allowed with respect to the belts and pulleys because we have no evidence from which we can determine whether they might have lasted two years or longer and we can not say, therefore, that when they were destroyed the petitioner actually lost anything, or that if he did lose anything, the amount thereof. The deficiency should be recomputed upon the basis of the findings of fact and this opinion.

*Judgment will be entered under Rule 50.*