**UNITED STATES v. KOSHLAND.**
**No. 13645.**

United States Court of Appeals,
Ninth Circuit.

Nov. 25, 1953.

Rehearing Denied Jan. 21, 1954.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Walter Akerman, Jr., Alonzo Watson, Jr., Sp. Assts. to Atty. Gen., Washington, D. C., Henry L. Hess, U. S. Atty., Donald W. McEwen, Asst. U. S. Atty., Portland, Or., for appellant.

Frederick H. Torp, William W. Wyse, Portland, Or., for appellee, William G. Keller, Hart, Spencer, McCulloch, Rockwood & Davies, Portland, Or., of counsel.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a judgment awarding appellee, as executrix of the estate of Emelie Cerf Koshland, deceased, refunds of income taxes paid by the decedent for the taxable years 1944 and 1945.

The material facts are undisputed. The decedent and her husband purchased the Mayflower Hotel in Portland, Oregon in 1925 for the sum of $185,000 plus accrued real property taxes. For the purpose of computing depreciation under the income tax laws the decedent allocated $53,000 of the purchase price of the property to the hotel building. The decedent's husband died in 1928 and title to the property thereupon vested in the decedent as sole owner by operation of law. Thereafter the decedent's regular and sole trade and business was the operation of the Mayflower Hotel and rental of its auxiliary store units. Prior to 1946 improvements were made upon the hotel building in the amount of $2092.16. By 1946 the decedent had been allowed a total of $53,684.16 as depreciation on the hotel building for income tax purposes. On May 20, 1946 the hotel building was destroyed by fire. The decedent received proceeds of fire insurance policies on the hotel property in the amount of $45,000. In December of 1946 she sold the land, in the condition in which it had been left by the fire, for $50,000.

In essence the taxpayer's claim was that under I.R.C. § 23(e) (1),[1] 26 U. S.C.A., the decedent sustained a deductible fire loss of $43,166.42 in 1946, this being the difference between the adjusted basis of the land and hotel building at the time of the fire ($138,166.42), and the sum of the market value of the property thereafter ($50,000) and the proceeds of the decedent's fire insurance policies ($45,000); that as a result of this fire loss the decedent had a net loss of $24,420.38 for the taxable year 1946; that this was a "net operating loss" within the meaning of I.R.C. § 122, and could therefore be carried back to the years 1944 and 1945 so as to show overpayments of income taxes by the decedent in the respective amounts of $2,178.95 and $3,392.24 for those years.

The court below made findings of fact and conclusions of law sustaining the contentions of the taxpayer and entered judgment awarding the refunds claimed.

Two questions are presented on this appeal. The first is whether the decedent sustained any deductible loss as a result of the destruction of the Mayflower Hotel by fire. The second is whether, if there was such a loss, it was a "net operating loss" which could be carried back to the two prior years under

---

[1] "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) If incurred in trade or business;

\* \* \*."

I.R.C. § 122. For reasons to be stated we concern ourselves solely with the first question and do not reach the second.

■ Appellant contends that the court below erred in determining the amount of the fire loss by reference to the adjusted basis of the land and the hotel building *as a unit*. We agree. A casualty loss of business property is measured for tax purposes by the adjusted basis of the property destroyed. I.R.C. § 23(i); Treas.Reg. 118, § 39.23(i)–1. Here the property destroyed was the hotel building. At the time of the fire the building had an adjusted basis of $1408.00.[2] That was the extent of the decedent's loss for tax purposes. The insurance proceeds she received ($45,-000) more than compensated her for the loss. She therefore sustained no deductible loss under I.R.C. § 23(e) (1).[3]

■ The taxpayer argues that the land and hotel building together constituted a single, integrated parcel of realty, and that the loss should therefore be considered as having been sustained upon the property as a whole. The argument is without merit. For purposes of the problem here, as for most other income tax purposes, a building used in a trade or business is treated as a property separate and distinct from the land on which it stands. It might suffice to cite the numerous cases applying this principle, but since it is here questioned, and since it is not discussed or even so much as stated in the cases applying it, some explanation is perhaps warranted.

The most obvious reason for this tax treatment of business realty is that a building is an exhaustible asset and therefore subject to depreciation under the income tax laws, while land is not. Treas.Reg. 118, § 39.23(1)–2; Hoboken Land & Improvement Co. v. Commissioner, 3 Cir., 138 F.2d 104; Paul v. Commissioner, 3 Cir., 206 F.2d 763, 765.

2. This figure is the building's cost of $53,000, I.R.C. § 113(a), plus improvements of $2092.16, I.R.C. § 113(b) (1) (A), less allowed depreciation of $53,684.16, I.R.C. § 113(b) (1) (B).

3. Besides treating the land and hotel building as a unit, the court below apparently took the view that the rule as to casualty losses of nonbusiness property, or some variation of that rule, was here applicable, for it made a finding, otherwise inexplicable, that the market value of the hotel property prior to the fire was not less than its adjusted basis. In the case of casualty losses sustained upon nonbusiness property the allowable loss to the taxpayer is the difference between the market value of the property prior to the casualty and the market value thereafter, but not in excess of its cost. Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292; GCM 21013, 1939–1 C. B., p. 101. It should be noted that the loss in such a case is not computed by deducting the market value of the property after the fire from its adjusted basis, as was done by the court below. The loss is measured by the diminution in the value of the property as a result of the casualty, and the cost of the property merely marks the limit of the allowable loss. The rule is inapplicable to this case in any event, for business property is here involved. The loss in such a case is the adjusted basis of the property destroyed. I.R.C. § 23(i); Treas.Reg. 118, § 39.23(i)–1; Pelican Bay Lumber Co. v. Blair, 9 Cir., 31 F.2d 15.

If the land and building here could properly be considered as a unit, the destruction of the building would be regarded as a partial destruction of business property. In such event the actual amount of the loss would first be determined by deducting from the market value of the property prior to the fire its market value thereafter, and the allowable loss for tax purposes would be the same percentage of the adjusted basis of the property as the actual loss bears to the pre-casualty market value. GCM 6122, CB VIII–2, p. 115; A.R.R. 4725, CB III–1, p. 143. The loss in such a case is not determined by deducting the market value of the property after the fire from its adjusted basis, as was done by the court below. If the land and building were to be treated as a single unit, the lower court's computation of the loss would be correct only if it had been shown, as it was not, that the market value of the property prior to the fire exactly equalled its adjusted basis. At any rate, the hotel building must be regarded as a property separate and distinct from the land. Thus we are dealing with a total loss of business property. The loss for tax purposes in such a case is the adjusted basis of the property destroyed.

Thus the necessity arises of allocating a part of the cost of a parcel of land with a building upon it to the building in order to fix its basis for computing depreciation. I.R.C. § 114(a). The basis of the building is then reduced annually to the extent of the depreciation allowed as deductions, but not less than that allowable, I.R.C. § 113(b) (1) (B), Virginian Hotel Corp. of Lynchburg v. Helvering, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561, while the basis of the land on which the building stands ordinarily remains fixed at cost. The result is that there is no single "adjusted basis" for the land and building as a unit. The depreciation allowed or allowable on the building reduces the basis of the building only. No depreciation is allowed on the land, and the original basis of the land therefore remains unaffected. The adjusted basis of the building and the basis of the land cannot be combined into a single "adjusted basis" for the property as a whole, for to do so would in effect be reducing the basis of the whole by depreciation allowed or allowable only as against the building, a part.

 Thus, for tax purposes, upon a sale of the property as a whole the selling price must be allocated between the land and building and the gain or loss separately determined upon each, by reference to the adjusted basis of each.[4]

Consistently, where, as here, the building only is lost to the taxpayer by fire or other casualty, his loss for tax purposes is the adjusted basis of the building alone.[5] No loss can be allowed as against the land, for the land was not injured by the fire. It may be true, as the taxpayer contends, that the land and hotel building had a value as an entirety which exceeded the aggregate value of the two considered separately, but a casualty loss of business property is not measured by the market value of the property, but by its adjusted basis as defined by the income tax laws. I.R.C. § 23(i); Treas.Reg. 118, § 39.23(i)–1; Pelican Bay Lumber Co. v. Blair, 9 Cir., 31 F.2d 15; Herder v. Helvering, 70 App. D.C. 287, 106 F.2d 153.

The taxpayer relies upon a line of cases holding that where land used by the owner for residence purposes is injured, as by subsidence of the soil, or where ornamental trees or shrubbery growing on such land is damaged or destroyed, without physical injury to buildings upon the land, the entire estate must be considered as a unit in determining the amount of the loss for tax purposes. Whipple v. United States, D.C.Mass., 25 F.2d 520; Grant v. Commissioner, 30 B. T.A. 1028; Hall v. Commissioner, 16 B.T.A. 71; Davis v. Commissioner, 16 B.T.A. 65; see also GCM 21013, CB 1939–1, p. 101.

4. This principle has been recognized and applied, without discussion, in the host of decisions dealing with the question of the proper allocation to be made of a lump-sum market value or purchase price as between land and buildings for purposes of determining the basis of each and the gain or loss realized on each. See, e. g., Crane v. Commissioner, 331 U.S. 1, 4, 5, 67 S.Ct. 1047, 91 L.Ed. 1301; Tracy v. Commissioner, 6 Cir., 53 F.2d 575, 577; Belle Isle Creamery Co. v. Commissioner, 14 B.T.A. 737; C. D. Johnson Lumber Corp. v. Commissioner, 12 T.C. 348; Adda, Inc., v. Commissioner, 9 T.C. 199; Gibbs & Hudson, Inc., v. Commissioner, 35 B.T.A. 205.

5. Pelican Bay Lumber Co. v. Blair, 9 Cir., 31 F.2d 15; Camp Wolters Land Co. v. Commissioner, 5 T.C. 336, affirmed 5 Cir., 160 F.2d 84; Steverson v. Commissioner,

22 B.T.A. 485; C. A. Dahl Co. v. Commissioner, 10 B.T.A. 915. The same principle applies where a building is demolished, Gerstle v. Commissioner, 33 B. T.A. 830, affirmed 9 Cir., 95 F.2d 587; or has become obsolescent, Prudential Insurance Co. of America v. Commissioner, 33 B.T.A. 332.

Where the loss is compensated for by insurance, the transaction is the same for purposes of computing gain or loss as a severance of the building from the land and sale thereof for an amount represented by the insurance proceeds. Cf. Pelican Bay Lumber Co. v. Blair, supra; Helvering v. William Flaccus Oak Leather Co., 313 U.S. 247, 61 S.Ct. 878, 85 L.Ed. 1310. Thus the decedent here sustained no loss from the fire, but instead realized a taxable gain to the extent that the insurance proceeds received by her exceeded the adjusted basis of the building.

These decisions are not applicable here. They apply to losses sustained on realty used for residence purposes, as to which no depreciation is allowed upon either land or buildings. I.R.C. § 23(l). In such a case there would seem to be no particular reason for dealing separately with the land and the improvements upon it. The taxpayer construes a Bureau ruling as holding that the same rule applies to similar losses in the case of business property. See I.T. 3921, C.B. 1948-2, p. 32. But assuming that the ruling has this meaning, and assuming further that as so construed the ruling is correct, it would not change the result here. It may be that physical injury to land, or to ornamental trees and shrubs growing on the land, causes a diminution in the value of the entire estate which is impossible to allocate as between the land and the buildings upon it. There is no such difficulty where a building, having a separate basis for tax purposes, is destroyed by fire. The settled rule in such a case is that the loss is to be determined on the basis of the depreciated cost of the building alone.

Finally, the taxpayer contends that the allocation by the decedent of $53,000 of the purchase price of the hotel property to the building was purely arbitrary, assumed for purposes of computing depreciation only, and that it has no relevance in determining the amount of the loss resulting from the fire.

There are several answers to this contention. We mention only one. The burden was on the taxpayer to establish a deductible loss. Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct 413, 75 L.Ed. 991. To do so it was necessary for her to prove the cost of the building destroyed and its depreciation rate. In the absence of such proof, no loss can be allowed. Gerstle v. Commissioner, 33 B.T.A. 830, affirmed 9 Cir., 95 F.2d 587; Camp Wolters Land Co. v. Commissioner, 5 T.C. 336, affirmed on this point, 5 Cir., 160 F.2d 84; Steverson v. Commissioner, 22 B.T.A. 485; Strangman Manufacturing Co. v. Commissioner, 9 B.T.A. 670; Williamson Veneer Co. v. Commissioner, 10 B.T.A. 1259. Here the only showing made on the point fixed the cost of the building at $53,000 and its adjusted basis (taking into account improvements and depreciation) at $1408.00 as of the date of the fire. If these figures are accepted, then as a matter of law the decedent sustained no deductible loss. If they are rejected, then there is simply no evidence in the record on which a loss can be allowed.

It would appear that the decedent sustained a loss upon the sale of the land for $50,000 in December of 1946, after the building had been destroyed by fire. The taxpayer did not base her claim to refunds on *this loss*. Nor could the claim be maintained if she had, for the decedent was not in the business of buying and selling real estate. The loss on the sale of the land was not a "loss attributable to the operation of a trade or business regularly carried on" by the decedent, and therefore could not be carried back to the taxable years 1944 and 1945. I.R.C. § 122(d) (5); Puente v. Commissioner, 9 Cir., 199 F.2d 940; Lazier v. United States, 8 Cir., 170 F.2d 521, 9 A.L.R.2d 324; Sic v. Commissioner, 8 Cir., 177 F.2d 469, certiorari denied 339 U.S. 913, 70 S.Ct. 572, 94 L.Ed. 1339; Merrill v. Commissioner, 2 Cir., 173 F.2d 310; Baruch v. Commissioner, 2 Cir., 178 F. 2d 402; Pettit v. Commissioner, 5 Cir., 175 F.2d 195; Smith v. United States, 6 Cir., 180 F.2d 357.

Since we hold that the decedent sustained no deductible loss as a result of the fire, it is unnecessary to decide whether, if such a loss had been incurred, it would be a "net operating loss" within the meaning of I.R.C. § 122.

The judgment is reversed.