CARLOATE INDUSTRIES, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 63-B-39.

United States District Court
S. D. Texas,
Brownsville Division.

June 2, 1964.

Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, Tex. (James C. Abbott), McAllen, Tex., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, George A. Hrdlicka, Stanley F. Krysa and Herbert S. Kendrick, Attys., Dept. of Justice, Wash-

ington, D. C., Woodrow Seals, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., and Homer M. Lopez, Asst. U. S. Atty., Brownsville, Tex., for defendant.

GARZA, District Judge.

Plaintiff Taxpayer, Carloate Industries, Inc., brings this suit for refund of Income taxes of $829.58, plus interest, which it alleges were overpaid for the fiscal year ending June 30, 1959.

The parties have stipulated that Plaintiff filed a timely claim for refund which was disallowed, and that this suit was timely filed.

The refund involved here is based on a casualty loss suffered by the Plaintiff, a Texas corporation, to its citrus trees located on two tracts of land in Hidalgo County, Texas. On January 9, through 12, 1962, the trees were destroyed by a severe freeze in the Rio Grande Valley.

The only question here is the method of computing the amount of loss deductible, since it is admitted that the Plaintiff suffered a casualty loss under Section 165 of the Internal Revenue Code of 1954 (26 U.S.C. § 165).

Plaintiff deducted from 1962 income as casualty losses the difference between the fair market value of the property (land and trees) before the freeze and the fair market value of the property after the freeze, which resulted in a net operating loss carryback deducted for 1959. The Commissioner determined this deduction to be excessive, and recomputed it upon the adjusted basis of the citrus trees alone. This adjustment led to an Income tax deficiency for the year 1959 which was duly assessed and paid.

At a trial before the Court, evidence was presented as to the appraised fair market value of the combined property before and after the freeze, which values are not contested by the Defendant. It was further established that the Plaintiff had allocated separate values to the land and the citrus trees, and had claimed depreciation deductions for the trees. The amount of the loss allowed by the Commissioner was the entire cost of the trees less the depreciation allowed in prior years, or the total adjusted basis of the citrus trees.

Plaintiff contends that mature trees bearing citrus cannot be separated from the land, and that the proper casualty loss deduction should be the decrease in fair market value of the land and trees considered as a single unit.

Section 1.165–7, Treasury Regulations on Income Tax (1954 Code), outlines the method of determining the amount of loss deductible, and requires that

"A loss incurred in a trade or business or in any transaction entered into for profit should be determined under subparagraph (1) of this paragraph by reference to the single, identifiable property damaged or destroyed. Thus, for example, in determining the fair market value of the property before and after the casualty in a case where damage by casualty has occurred to a building and ornamental or fruit trees used in a trade or business, the decrease in value shall be measured by taking the building and trees into account separately, and not together as an integral part of the realty, and separate losses shall be determined for such building and trees." —(Sec. 1.165–7(b) (2) (i).

The Regulations also provide that the amount of deductible loss shall not exceed the adjusted basis of the property provided in Section 1011 of the Internal Revenue Code of 1954. Section 1.165–1(c) (1).

The only evidence before the Court on the question of damage to the land itself is to the effect, and the Court so finds, that the land suffered no damage as a result of the freeze.

Plaintiff relies on the case of Alcoma Association v. United States, 239 F.2d 365, C.A.5th, 1956, in which the formula then prescribed by the Commissioner for computing a casualty loss was held to be unrealistic. The taxpayer, whose citrus

groves were partially destroyed by a hurricane, was allowed to deduct an amount equal to the adjusted cost basis of the entire property.

Defendant contends that the Commissioner, since the Alcoma case, has abandoned the formula there attacked, and that the court in that case left open the question presented here.

It is certainly true that the separate identification and different tax treatment of each asset has been required for tax purposes. Property normally considered as a single unit must often be divided and an allocation made between different types of assets, as between real property and improvements when a gain or loss results, and as between capital and noncapital assets when a single business is sold.

This distinction was recognized in United States v. Koshland, 208 F.2d 636, 9 Cir., 1953, which presented the problem of computing a casualty loss deduction from the destruction by fire of a hotel. The taxpayer there attempted to deduct the difference between the combined adjusted basis of the property and its fair market value after the fire. The court there held that the adjusted basis of the building on which depreciation had been allowed could not be combined with the original basis of the land which had remained unaffected, into a single adjusted basis for the property as a whole.

In this case, the Commissioner's method of computing the casualty loss deductible allows Plaintiff a deduction for the full cost of the trees destroyed, after taking into consideration the depreciation which Plaintiff has already taken in tax returns for prior years. Since the land itself was not damaged by the freeze, to allow any deduction in excess of this would be to grant a deduction greater than that allowed by the statute. The decrease in the fair market value of the combined property must necessarily result from the damage to the citrus trees alone, and should not be allowed in an amount in excess of the adjusted basis of the only property which was damaged.

Since the method of computing the loss prescribed by the Commissioner as to business property is not inconsistent with any statutory provision, and is reasonable and consistent with the purpose of the statute, it should be upheld by this Court.

This Court, therefore, holds that the computation of the casualty loss under Section 165, Internal Revenue Code of 1954, must take into account separately the land and the citrus groves used in the business of the Plaintiff Taxpayer, and the allowable casualty loss was properly computed by the Commissioner.

This will constitute the Findings of Fact and Conclusions of Law of this Court.

Counsel for Defendant will draft and submit appropriate final decree.