RAY F. AND BETTY B. KEEFER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4099-72.      Filed March 11, 1975.

*Alexander F. Eagle,* for the petitioners.
*David L. Gibson* and *Nicholas G. Stucky,* for the respondent.

IRWIN, *Judge:* Respondent determined deficiencies in petitioners' income tax as follows:

| Year | Deficiency |
| --- | --- |
| 1968 | $6,699 |
| 1969 | 8,436 |

Concessions having been made by both parties,[1] the sole issue remaining for our determination is whether section 1.165-7(b)(2)(i), Income Tax Regs., relating to the computation of casualty losses incurred in a trade or business or in a transaction entered into for profit, is valid.

### FINDINGS OF FACT

Most of the facts have been stipulated and these are found accordingly.

Petitioners Ray F. and Betty B. Keefer are husband and wife and resided in Tiburon, Calif., at the time of the filing of their petition herein. For the calendar years 1968 and 1969 joint returns were filed with the district director of internal revenue, San Francisco, Calif.

On January 3, 1968, petitioners purchased an office and storage building in San Francisco at a cost of $65,000. The purchase price was allocated $49,700 to the building and $15,300 to the land.

On December 7, 1968, the building was destroyed by fire. The salvage value of the structure immediately after the fire was

---

[1] Petitioners have conceded the correctness of respondent's adjustment for the taxable year 1969; respondent has conceded that the $100 limitation of sec. 165(c)(3) is inapplicable herein.

$2,000. Depreciation allowed on the building from January 3, 1968, to December 7, 1968, amounted to $3,728.

Immediately following the fire petitioners filed a claim with their insurance company for $28,865.34 and on March 2, 1969, the insurance company paid petitioners $28,009 in full settlement of the fire loss. Petitioners expended $75,812 to restore the building to a condition similar to that immediately prior to the fire. This amount included expenses incurred to meet newer building code requirements.

On their 1968 return petitioners claimed a casualty of $28,765. This represented the amount on the insurance claim less $100. On their 1969 return petitioners claimed $15,972 as a casualty loss for the same fire. This amount was computed by taking the difference between the adjusted basis of the building destroyed and insurance proceeds in the amount of $28,000 plus the salvage value of the building.

OPINION

At issue is the proper computation of petitioners' 1968 casualty loss deduction. Both parties agree that the casualty loss occurred in 1968 and that, therefore, no casualty loss deduction with respect to the 1968 fire is allowable in 1969. The parties also agree that the loss was a business one so that the $100 limitation provided in section 165(c)(3) [2] is inapplicable.

Section 165(a) allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of a casualty loss the amount of loss taken into account for the purposes of section 165(a) is either (1) the difference between the fair market value of the property immediately before and after the casualty or (2) the taxpayer's adjusted basis (for determining the loss from the sale or other disposition) of the property, whichever amount is lesser.[3] Sec. 165(b); sec. 1.165-7(b)(1), Income Tax Regs. The issue on which petitioners and respondent differ is the proper basis figure to be employed.

---

[2] All statutory references are to the Internal Revenue Code of 1954, as amended.

[3] However, in the case of business property which is completely destroyed, the regulations provide that the amount taken into account for the purposes of sec. 165(a) shall be the adjusted basis of the destroyed property even though the fair market value of the property immediately before the casualty is less.

Respondent, relying upon section 1.165-7(b)(2)(i), Income Tax Regs.,[4] has computed the loss using the basis of the building only. Petitioners, claiming that respondent's regulation has no statutory authority, have computed the loss using the basis of the land and the building. Both respondent's and petitioners' computations are set forth in the margin.[5] A quick review of petitioners' computation, however, reveals an error with respect to the salvage value. If no apportionment of the basis were required, as petitioner contends, the salvage value would also include the value of the land after the fire. Since there was no evidence presented indicating any decrease in the value of the land, we are of the opinion that the value of the land after the fire would be at least equal to its basis, $15,300. Reducing petitioners' computation of the loss by this amount produces a result identical to respondent's. While we could sustain respondent's determination on this point alone, we are also of the opinion that petitioners' legal argument is untenable.

Petitioners' position is premised upon the contention that subparts (i) and (ii)[6] of section 1.165-7(b)(2), Income Tax Regs., may produce different results with respect to identical situations depending upon whether the casualty loss is with respect to busi-

---

[4] Sec. 1.165-7(b)(2)(i) and (ii):
(b) *Amount deductible—* * * *
* * *

(2) *Aggregation of property for computing loss.* (i) A loss incurred in a trade or business or in any transaction entered into for profit shall be determined under subparagraph (1) of this paragraph by reference to the single, identifiable property damaged or destroyed. Thus, for example, in determining the fair market value of the property before and after the casualty in a case where damage by casualty has occurred to a building and ornamental or fruit trees used in a trade or business, the decrease in value shall be measured by taking the building and trees into account separately, and not together as an integral part of the realty, and separate losses shall be determined for such building and trees.

(ii) In determining a casualty loss involving real property and improvements thereon not used in a trade or business or in any transaction entered into for profit, the improvements (such as buildings and ornamental trees and shrubbery) to the property damaged or destroyed shall be considered an integral part of the property, for purposes of subparagraph (1) of this paragraph, and no separate basis need be apportioned to such improvements.

[5]

|  |  | Petitioners' computation | Respondent's computation |
|---|---|---|---|
| Original cost of land |  | $15,300 | 0 |
| Original cost of building |  | 49,700 | $49,700 |
| Less: Depreciation |  | (3,728) | (3,728) |
| Adjusted basis |  | 61,272 | 45,972 |
| Less: Salvage value of building | ($2,000) |  |  |
| Insurance recovery | (28,009) | (30,009) | (30,009) |
| Deductible loss |  | 31,263 | 15,963 |

[6] Subpart (ii) of sec. 1.165-7(b)(2), Income Tax Regs., is set forth in full in fn. 4 *supra.*

ness or nonbusiness property. Since the result under (i) may be less favorable than that under (ii), petitioners contend that (i) is not valid. In support of this contention petitioners opine that there is no statutory authority for the distinction. They also submit that the regulation is inconsistent with accepted principles of tax accounting. After thoroughly considering petitioners' arguments, it is our judgment that they have failed to show this subpart of the regulations to be invalid. Regulations must be sustained unless they are unreasonable and plainly inconsistent with the Code. *Commissioner v. South Texas Co.*, 333 U.S. 496, 501 (1948).

While we agree with petitioners that (ii) may in certain circumstances provide more favorable treatment than (i), it does not necessarily follow that (i) is either unreasonable or inconsistent with the statute.

In their attempt to persuade us that the regulation should not be applied, petitioners have misinterpreted some of their cited judicial authority. *Helvering v. Owens,* 305 U.S. 468 (1939), does not stand for the proposition that nonbusiness property is subject to depreciation just like business property. While both business and nonbusiness property may be subject to exhaustion, wear, and tear, only business property is entitled to a depreciation deduction. This distinction is a valid reason for differentiating business and nonbusiness property. See also *United States v. Koshland*, 208 F. 2d 636 (C.A. 9, 1953), where the following is noted:

The most obvious reason for this tax treatment of business realty is that a building is an exhaustible asset and therefore subject to depreciation under the income tax laws, while land is not. * * * Thus the necessity arises of allocating a part of the cost of a parcel of land with a building upon it to the building in order to fix its basis for computing depreciation. * * * The result is that there is no single "adjusted basis" for the land and building as a unit. The depreciation allowed or allowable on the building reduces the basis of the building only. No depreciation is allowed on the land, and the original basis of the land therefore remains unaffected. The adjusted basis of the building and the basis of the land cannot be combined into a single "adjusted basis" for the property as a whole, for to do so would in effect be reducing the basis of the whole by depreciation allowed or allowable only as against the building, a part. [208 F. 2d at 639-640.]

Petitioners also rely upon the reasoning in the dissenting opinion of Judge Moore in *Rosenthal v. Commissioner,* 416 F. 2d 491 (C.A. 2, 1969), affirming 48 T.C. 515 (1967). However, Judge Moore cites with approval section 1.165-7(b)(2), Income

Tax Regs. 416 F. 2d at 510-511. We also note the majority language in *Rosenthal:*

Manifestly, the purpose of §165 is not to allow the taxpayer a full deduction for every loss in market value his property suffers by reason of a casualty. The permissible deduction for such loss is always limited to the taxpayer's basis, or cost, in the property damaged. And the reason for this limitation is clear. Where the taxpayer suffers a loss from a destruction of market value greater than the cost of the property to him, that excess of value destroyed represents unrealized appreciation. And he may not claim a deduction for such loss because he has never recognized or paid a tax on the gain. In the extreme case, where the taxpayer's basis in the property damaged is zero, and its entire market value represents unrealized appreciation, he is entitled to no deduction despite the size of the loss, large as it may be.`* * *

* * *

* * * A primary rule in the computation of a casualty loss deduction is that the loss incurred is to be determined "by reference to the single, identifiable property damaged or destroyed." Treas. Reg. §1.165-7(b)(2)(i).[11] A taxpayer may not borrow basis from his unharmed property in order to increase the amount of his loss deduction for an injury to his other property. * * * [Fn. omitted; 416 F. 2d at 497-498.]

As previously noted, petitioners have not shown any loss to the land resulting from the fire.

The regulation is likewise not inconsistent with *Alcoma Association v. United States,* 239 F. 2d 365 (C.A. 5, 1956), where the court rejected respondent's since discarded percentage-of-the-basis formula for determining the amount of loss with respect to business casualties. See *Carloate Industries, Inc. v. United States,* 354 F. 2d 814, 818 (C.A. 5, 1966). The regulation in question herein limits the loss to the adjusted basis of the property damaged or destroyed, i.e., petitioners' building in this instance. *Alcoma* does not stand for the proposition that the deduction limitation is the adjusted basis of the property destroyed and the land thereunder.

While it is clear that petitioners' cost of rebuilding exceeded their basis in the building, this does not entitle them to a greater deduction. Section 165(b) clearly limits recovery to the adjusted basis of the property destroyed. See *Rosenthal v. Commissioner, supra* at 497; *United States v. Koshland, supra* at 639.

We realize that where the loss (i.e., the difference in fair market value before and after the casualty) exceeds the basis of the building but does not exceed the basis of the building and the land, a larger deduction is allowed if the property is nonbusiness property. In these situations (i.e., those situations involving

nonbusiness casualty losses) the basis of the land may be used as part of the limitation even though there has not occurred any damage (i.e., loss in value due to the casualty) to the land. Respondent's regulation on this point (section 1.165-7(b)(2)(ii), Income Tax Regs.) may be more generous than the Code technically requires. This appears to be based upon administrative convenience rather than statutory consistency. Cf. *United States v. Koshland, supra* at 639-641. However, be that as it may, respondent's computation, which is based on subpart (i), not subpart (ii), of section 1.165-7(b)(2), Income Tax Regs., is supported by the Code and, therefore, must be sustained. *Carloate Industries, Inc. v. United States, supra.*

*Decision will be entered under Rule 155.*