T.C. Memo. 1998-439


UNITED STATES TAX COURT


IMRE AND GIZELLA CZIRAKI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18878-96.                    Filed December 15, 1998.


<u>Jeffrey R. Matsen</u> and <u>Arlin P. Neser</u>, for petitioners.

<u>Ian Russell</u> and <u>Michael H. Salama</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent, by means of a statutory notice
of deficiency, determined a deficiency in petitioners' 1992
income tax of $63,874 and a section 6662(a)[1] penalty of $12,775.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year under
consideration, and all Rule references are to this Court's Rules
of Practice and Procedure.

After concessions, the following issues remain for our consideration:  (1) Whether petitioners are entitled to a casualty loss deduction in the amount of $220,000 for the 1992 taxable year, and (2) whether any underpayment of tax is due to either negligence or intentional disregard of rules or regulations.

## FINDINGS OF FACT[2]

Petitioners Imre and Gizella Cziraki are husband and wife and resided in Huntington Beach, California, at the time of the filing of their petition.  In 1975, petitioners purchased two parcels of property covering 80 acres in the county of San Diego for $70,000.  For simplicity, hereinafter the 80 acres of property shall be referred to as "property A".  In 1983, petitioners purchased 38 acres adjacent to property A for $150,000.  Hereinafter, the 38 acres of property shall be referred to as "property B".

Petitioners utilized properties A and B for their wholly owned farming business, the Rainbow Hills Nursery.  The Rainbow Hills Nursery grows protea flowers, macadamia trees, aloe vera plants, and palm trees for sale.  At the time petitioners purchased property A, there existed a road, partially of asphalt, that traversed a portion of property A, but which did not

---

[2]  The stipulation of facts and the attached exhibits are incorporated by this reference.

traverse any portion of property B. At the time petitioners purchased property B, there was no road on property B.

Sometime during 1978 and 1979, petitioner husband Imre Cziraki (Mr. Cziraki) extended the preexisting road on property A. In 1983, Mr. Cziraki further extended the road on property A to traverse a portion of property B. Each of these extensions of the road was constructed by Mr. Cziraki, using his own labor and equipment, in order to access the crops, greenhouses, and shade houses utilized by the Rainbow Hills Nursery. The extensions of the road were variously composed of dirt and/or gravel; no portion of the extensions constructed by Mr. Cziraki was paved with asphalt. The only road construction performed by outside contractors was an asphalt extension that was constructed on or about June 1984. Petitioners' cost basis in this road extension, for purposes of depreciation, was $10,364. The adjusted basis of the road extension, after adjustment for depreciation, was $6,844, as reflected on petitioners' 1992 return.

In the later part of 1992 and the early part of 1993, the area in which properties A and B are located experienced severe rain storms. The storms occurred during the period of October 1992 through March 1993. A portion of the asphalt road and much of the dirt/gravel road were damaged as a result of these storms. The 1984 extension was also damaged by these storms. The area in which properties A and B are situated was declared a Federal disaster area for the period January 5 through March 20, 1993.

On May 26, 1993, petitioners filed an application with the U.S. Small Business Administration (SBA) for disaster relief. On June 3, 1993, in conjunction with petitioners' SBA loan application, an agent from the SBA visited petitioners' property for the purpose of evaluating the damage from the storms and preparing a written appraisal of the damage. The SBA report describes the damage to the property as a "washed out surface roadway." The SBA report estimates repair cost to the road at $208,000.

On their 1992 Federal income tax return, petitioners claimed a casualty loss of $220,000. Petitioners' return was prepared by their accountant. This amount is equivalent to petitioners' total adjusted basis in properties A and B, exclusive of the $6,844 attributable to the cost of the road extension constructed in 1984. The claimed casualty loss derived from damages to the road from the storms. In the notice of deficiency, respondent disallowed the casualty loss.

### OPINION

At issue is the proper computation of petitioners' 1992 casualty loss deduction.[3] Petitioners claimed a $220,000 casualty loss because of purported damages to their road from

---

[3] Although the loss at issue occurred in 1993, sec. 165(i)(1) permits any loss attributable to a casualty in an area subsequently declared a Federal disaster area, at the election of the taxpayer, to be taken into account for the taxable year immediately preceding the taxable year in which the disaster occurred.

heavy rains and flooding.  Both parties agree that the damage to the road from the storms would qualify as a casualty loss under section 165.  The parties also agree that the property at issue was used in a trade or business or held for the production of income, and therefore any loss realized would be subject to the limitations contained in section 1.165-7(b), Income Tax Regs.

Section 165(a) allows a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise."  In the case of a casualty loss, if property used in a trade or business or held for the production of income is damaged, the amount of the loss taken into account for the purposes of section 165(a) is the lesser of:  (1) The amount equal to the fair market value of the property immediately before the casualty reduced by the fair market value immediately after the casualty; or (2) the amount of the adjusted basis of the property.  Sec. 1.165-7(b)(1), Income Tax Regs.  The reason for this limitation is clear.  Where the taxpayer suffers a loss from a destruction of market value greater than the cost of the property to him, that excess in value destroyed represents unrealized appreciation, and he may not claim a deduction for such loss because he never recognized or paid a tax on the gain. Keefer v. Commissioner, 63 T.C. 596, 600 (1975).

There is an additional limitation on the recognition of loss with respect to property used in a trade or business or in any transaction entered into for profit.  The loss must be determined

by reference to the single, identifiable property damaged or destroyed.  Id.; Trinity Meadows Raceway Inc. v. Commissioner, T.C. Memo. 1998-79; sec. 1.165-7(b)(2)(i), Income Tax Regs.  "A taxpayer may not borrow basis from his unharmed property in order to increase the amount of his loss deduction for an injury to his other property."  Rosenthal v. Commissioner, 416 F.2d 491, 497-498 (2d Cir. 1969), affg. 48 T.C. 515 (1967).

In the case of land with improvements, the regulations require that a separate basis be assigned to each depreciable improvement to distinguish it from the land, which is not depreciable.  Keefer v. Commissioner, supra at 599.  This distinction is also a valid reason for differentiating business and nonbusiness property.  See also United States v. Koshland, 208 F.2d 636, 639-640 (9th Cir. 1953), where the following is noted:

> The most obvious reason for this tax treatment of business realty is that a building is an exhaustible asset and therefore subject to depreciation under the income tax laws, while land is not.  * * *  Thus the necessity arises of allocating a part of the cost of a parcel of land with a building upon it to the building in order to fix its basis for computing depreciation.  * * *  The result is that there is no single "adjusted basis" for the land and building as a unit.  The depreciation allowed or allowable on the building reduces the basis of the building only.  No depreciation is allowed on the land, and the original basis of the land therefore remains unaffected.  The adjusted basis of the building and the basis of the land cannot be combined into a single "adjusted basis" for the property as a whole, for to do so would in effect be reducing the basis of the whole by depreciation allowed or allowable only as against the building, a part.  [Citations omitted.]

The parties disagree over the proper basis to be used to determine the section 1.165-7(b)(1), Income Tax Regs., limitation. Petitioners argue that the road at issue is not a separate object, but is part of the real property that surrounds it. Therefore, petitioners assert that the basis limitation should be $220,000, petitioners' total combined basis in properties A and B (exclusive of the road extension constructed in 1984). Respondent contends that the road should be viewed as a separate object with its own basis and value. Respondent also contends that because petitioners did not present any evidence about a separate basis in the dirt/gravel road, petitioners' casualty loss is limited to their claimed cost basis in the 1984 extension, $6,844. We agree with respondent.

For purposes of section 1.165-7(b)(2)(i), Income Tax Regs., a road is a single, identifiable piece of property. See Trinity Meadows Raceway, Inc. v. Commissioner, supra (horse racing track is a separate, identifiable piece of property for purposes of sec. 1.165-7(b)(2)(i), Income Tax Regs.). The road at issue was an improvement on petitioners' property that required significant time and effort to construct. The fact that Mr. Cziraki personally constructed most of the road does not alter the principle that the road is still a separate, identifiable piece of property. Moreover, we note that petitioners were depreciating the 1984 road extension up until the year at issue,

an act contrary to their argument that the road is a part of the real property that surrounds it.

The regulations require that petitioners identify each separate piece of property damaged and isolate the basis in that asset. Petitioners have failed to identify what portion, if any, of the original purchase price should be allocated to the road that existed on the property at the time of purchase. In addition, we note that petitioners have not alleged or shown that any amounts spent by Mr. Cziraki in personally constructing dirt/gravel extensions of the road were capitalized or added to petitioners' basis in the property. Petitioners are not entitled to apply their entire cost basis in the two properties to the road damage because of the limitation of section 1.165-7(b)(1), Income Tax Regs., and petitioners' zero basis in the personally constructed road. Accordingly, petitioners' casualty loss is limited to $6,844, their cost basis in the 1984 road extension less allowable depreciation.

The next issue for our consideration is whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a). Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6222(b). Respondent contends that petitioners were negligent with respect to their understatement of tax under section 6662(b)(1).

Negligence includes any careless, reckless, or intentional disregard of rules and regulations, any failure to make a reasonable attempt to comply with the provisions of the law, and any failure to exercise ordinary and reasonable care in the preparation of a tax return. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). To prevail on the issue of negligence, petitioners must prove that their actions in connection with this transaction were reasonable in light of their experience and business sophistication. Hoffpauir v. Commissioner, T.C. Memo. 1996-41; Avellini v. Commissioner, T.C. Memo. 1995-489. If a taxpayer acts in good faith and with reasonable cause, he or she will not be liable for the addition to tax for negligence. Sec. 6664(c); see Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir. 1988), affg. Dister v. Commissioner, T.C. Memo. 1987-217.

Respondent asserted accuracy-related penalties based on all the adjustments made in the notice of deficiency. Petitioners have conceded the penalty as to all adjustments, with the exception of the adjustment to the casualty loss.[4] Petitioners have no tax or accounting backgrounds. We also note that petitioners' property did sustain extensive damage. Petitioners' return was prepared by their accountant, upon whom they relied.

---

[4] Since petitioners have failed to address the accuracy-related penalty with respect to the other adjustments, we treat this as a concession by petitioners and find for respondent. Theodore v. Commissioner, 38 T.C. 1011, 1041 (1962).

In sustaining respondent's determination regarding the casualty loss, this case turned on the somewhat technical concept that the road constituted a separate, identifiable piece of property, rather than a part of the real property that surrounds it, for purposes of section 1.165-7(b)(2)(i), Income Tax Regs.  Although we have not ruled in favor of petitioners on this issue, their failure to comply with the regulations was due to their reasonable belief that their cost could be allocated to the damage to the road.  Consequently, petitioners are not liable for an accuracy-related penalty with respect to the claimed casualty loss.

To reflect the foregoing,

Decision will be entered under Rule 155.